# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:10-cv-631

| | |
|---|---|
| RYAN DEREK SHIPWASH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| RICHARD NEELY, Administrator; ) | |
| J. BENNETT, Classification Officer; ) | ORDER |
| (FNU) HORNE, Correctional Officer; ) | |
| HATTIE B. PIMPONG, ) | |
| Chief Disciplinary Officer; and ) | |
| (FNU) BONEY, Correctional Officer, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on its own motion.

Plaintiff is an inmate in the custody of the North Carolina Department of Corrections. On December 13, 2010, Plaintiff filed a civil rights Complaint under 42 U.S.C. § 1983. Also on that date, Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs.

On December 14, 2010, the Clerk of Court entered an Order advising Plaintiff that federal law requires him to pay a $350.00 filing fee in accordance with 28 U.S.C. § 1915, and directing him to file a certified copy of his prisoner trust fund statement covering the six month period immediately preceding the filing of his Complaint. (Doc. No. 2 at 1). The Order further advised Plaintiff that upon receipt of that statement, the Clerk would determine whether he had the ability to pay the entire fee in one payment or whether to assess monthly payments of twenty percent of the deposits made to his trust fund account. (Id. at 2). In accordance with 42 U.S.C. § 1997e, the Order also directed Plaintiff to file a sworn statement, subject to the penalty of perjury, showing the full

exhaustion of his administrative remedies or, in the alternative, to file a copy of the grievance itself. (Doc. No. 2 at 1). The Order gave Plaintiff twenty days in which to provide the requested information and advised him that his failure to comply with these directives would result in the dismissal of his case. (Id. at 2). Plaintiff's responses were due no later than January 3, 2011.

More than two months have passed since Plaintiff's filing deadline expired, yet he has failed to provide the Court with any of the requested information. Nor has Plaintiff requested an extension of time in which to provide such information. Consequently, the Court will dismiss Plaintiff's case without prejudice to his right to re-file a new case with the appropriate documentation as herein noted.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint (Doc. No. 1) is **DISMISSED without prejudice**.

Signed: March 25, 2011

Robert J. Conrad, Jr.
Chief United States District Judge